■ PUBLIC ADMINISTRATOR OF COUNTY OF NEW YORK, as Administrator of the Estate of ALFREDO VALVERDE, Deceased, Respondent-Appellant, v UNITED STATES LINES, INC., Appellant-Respondent. [603 NYS2d 20] —Defendant's motion for reargument and/or leave to appeal to the Court of Appeals is denied in its entirety. Plaintiff's cross-motion insofar as it seeks reargument is granted, and upon reargument, the unpublished decision and order of this Court entered on May 25, 1993 is recalled and vacated and a new order and memorandum substituted therefor as follows:

Judgment, Supreme Court, New York County (Michael J. Dontzin, J.), entered May 7, 1992 awarding plaintiff $1,900,695.87, including interest from the date of verdict, under the Jones Act and general maritime law, unanimously modified, on the law, to the extent that the judgment shall include an award of interest at the stipulated rate of ten percent per annum, compounded annually from the date of decedent's injury and death on November 30, 1983, to the date of entry of a modified judgment, and otherwise affirmed, with costs to plaintiff. The matter is remanded to the Supreme Court, New York County for entry of a judgment as so modified. Defendant's motion for reargument or permission to appeal to the Court of Appeals is denied.

The evidence was sufficient for the jury to find that decedent, whose body was never recovered, had been engulfed by a wave and thrown overboard while still conscious, and remained conscious for three hours before perishing at sea. We find no basis to interfere with the amounts awarded for loss of services and nurture, or the amount to which plaintiff stipulated for pain and suffering (cf., Willett v Western Oceanic, 117 FRD 379, 383). Unlike the authority relied upon by defendant

*(Red Star Towing & Transp. Co. v "Ming Giant",* 552 F Supp 367, 377), this case does not involve an award resulting from bias, passion or prejudice aroused by plaintiff's counsel.

The IAS Court correctly determined that plaintiff was entitled to prejudgment interest on the entire amount awarded, but interest should have been awarded to plaintiff at the stipulated rate of ten percent from the date of decedent's injury and death on November 30, 1983 *(see, Magee v United States Lines,* 976 F2d 821; *McCrann v United States Lines,* 803 F2d 771). Concur—Carro, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.